IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

MARIA LOBOS
836 Bonifant Street
Silver Spring, Maryland 20910

And

JESSICA ESCOBAR
836 Bonifant Street
Silver Spring, Maryland 20910

*On Behalf of Themselves and
All Others Similarly Situated*

PLAINTIFFS[1],

v.

Case No.: 1:14CV313 AJT/TRJ

PIEDMONT BAKERY AND CAFÉ, INC.
D/B/A ATLANTA BREAD COMPANY
21316 Traskwood Court
Sterling, Virginia 20165

And

FARSHID J. YOUSEFZADEH
21316 Traskwood Court
Sterling, Virginia 20165

DEFENDANTS.

## COMPLAINT

Plaintiffs Maria Lobos and Jessica Escobar (hereinafter, "Plaintiffs"), by and through undersigned counsel, on behalf of themselves and all others similarly situated, hereby submit their Complaint against Defendants Piedmont Bakery and Café, Inc. d/b/a Atlanta Bread Company ("Piedmont") and Farshid J. Yousefzadeh ("Yousefzadeh") (together, "Defendants"), to recover unpaid overtime wages, liquidated damages, reasonable attorney's fees and costs under Section 16(b) of the

---

[1] To avoid retaliation and physical intimidation, Plaintiffs have listed the mailing address of their attorney in this matter.

Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA") and for other damages as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiffs are adult resident of the Commonwealth of Virginia. By acting as the named Plaintiffs in this action, Plaintiffs hereby confirm their consent to participate as Plaintiffs in an action under the FLSA.

2. Piedmont is a corporation formed under the laws of the Commonwealth of Virginia with its principal place of business in Sterling, Virginia.

3. Yousefzadeh is, and was during all times relevant, the primary owner and controlling officer of Piedmont. At all times relevant, Yousefzadeh was Plaintiffs' most senior manager and supervisor. At all times relevant, Yousefzadeh was in charge of the day-to-day operations of Piedmont. At all times relevant, Yousefzadeh was individually in charging of setting and determining Plaintiffs' schedule and rate and method of pay.

4. At all times relevant, both Defendants were Plaintiffs' "employers" for purposes of the FLSA.

5. At all times relevant, Defendants handled, baked, and sold baked goods and other food products that originated outside the Commonwealth of Virginia. Further, at all times relevant, Defendants consistently advertised and sold baked goods and food products to a clientele outside the Commonwealth of Virginia and were otherwise engaged in related interstate commerce behavior such that Defendants were engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

6. At all times relevant, Defendants generated gross revenues exceeding Five Hundred Thousand Dollars ($500,000.00) and qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

7. At all times relevant, Plaintiffs and other employees of Defendants were individual employees who handled, baked, and sold baked goods and related food products originating outside of the Commonwealth of Virginia and were otherwise engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

8. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTS

9. Plaintiffs were employed by Defendants for the following approximate dates:

    Maria Lobos: 2009 – February 25, 2014;

    Jessica Escobar: June 2007 – February 28, 2014

10. At all times relevant, Plaintiffs' job duties were primarily and exclusively as a non-managerial kitchen employees.

11. At all times relevant, Defendants paid Plaintiffs as hourly employees.

12. While in Defendants' employ, Plaintiffs' exact weekly hours varied from week to week.

13. While in Defendants' employ, Plaintiffs regularly and customarily worked more than forty (40) hours per week.

14.  While in Defendants' employ, Plaintiffs regularly and customarily worked more than forty-five (45) hours per week.

15.  At all times, Defendants had knowledge of all hours Plaintiffs worked.

16.  At all times, Defendants and suffered and permitted Plaintiffs to work overtime hours in excess of forty (40) per week on a regular and customary basis.

17.  At all times relevant, Defendants paid Plaintiffs at their regular hourly rate for all hours worked each week including overtime hours worked each week in excess of forty (40).

18.  Defendants never paid Plaintiffs at the rate of one-and-one-half (1½) times their regular rate of pay for overtime hours worked each week in excess of forty (40).

## OTHER PUTATIVE PLAINTIFFS

19.  Plaintiffs are aware of the existence of about twelve (12) or more current and former food kitchen employees of Defendants who are similarly situated to Plaintiffs.

20.  Each of the similarly situated employees and Plaintiffs were paid as hourly employees.

21.  Each of the similarly situated employees and Plaintiffs were subject to Defendants' common and company-wide unlawful pay scheme of not paying wages to non-exempt hourly employees at the rate of one-and-one-half (1½) times their regular rate of pay for overtime hours worked per week in excess of forty (40).

22.  Each of the similarly situated employees and Plaintiffs worked more than forty (40) hours per week while in Defendants' employ.

23.  Each of the similarly situated employees and Plaintiffs are owed unpaid overtime wages and statutory damages under the FLSA.

24. Defendants have, in their possession, identifiers and contact information for each similarly situated employee.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

25. Plaintiffs re-allege and re-assert each and every allegation set forth in Paragraphs 1-24 above, as if each were set forth herein.

26. Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees...for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one-and-one-half (1½) times the regular rate at which he is employed."

27. At all times, Plaintiffs were "employees" covered by the FLSA, 29 U.S.C. § 207(a)(1), and both Defendants were Plaintiffs' "employers" under FLSA, 29 U.S.C. § 207(a)(2).

28. Defendants, as Plaintiffs' employers, were obligated to compensate Plaintiffs at the overtime rate of one-and-one-half (1½) times their regular rate for all hours worked per week in excess of forty (40).

29. At all times, Defendants failed and refused to pay Plaintiffs at the overtime rate of one-and-one-half (1½) times their regular rate for all hours worked per week in excess of forty (40).

30. At Defendants' command, and with Defendants' actual knowledge, Defendants suffered or permitted Plaintiffs to regularly work more than forty (40) hours per week.

31. For all hours worked per week by Plaintiff in excess of forty (40), Defendants paid Plaintiffs "straight pay" at Plaintiffs' regular hourly rate.

32. An employer who violates the FLSA overtime provision is ordinarily "liable to the employee or employees affected in the amount of their unpaid minimum wages ... and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

33. The award of liquidated damages is mandatory unless "the employer shows to the satisfaction of the court that the act or omission giving rise [to the FLSA action] was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260.

34. The FLSA "plainly envisions" that liquidated damages "are the norm" for violations of the FLSA. *Mayhew v. Wells,* 125 F.3d 216, 220 (4th Cir.1997).

35. The FLSA permits a trial court in its sound discretion to refuse or reduce an award of liquidated damages <u>only</u> where the employer demonstrates *both* good faith *and* reasonable grounds for believing that he was not acting in violation of FLSA. *See Clifton D. Mayhew, Inc. v. Wirtz,* 413 F.2d 658, 661-62 (4th Cir. 1969).

36. The Fourth Circuit has held that the test of the good faith requirement to excuse liability is an objective one and not a subjective one. *Id.*

37. Here, Defendants cannot demonstrate good faith and reasonable grounds for their failure to pay Plaintiffs overtime as required by the FLSA.

38. Defendants can point to no authority or good faith basis they relied upon for their failure to pay Plaintiff at the FLSA required rate overtime hours worked each week.

39. At all times during Plaintiffs' employment, Defendants had actual knowledge of the FLSA overtime pay requirement.

40. At all times during Plaintiffs' employment, Defendants had actual knowledge that Plaintiffs should have been paid at the rate of one-and-one half (1½) times their regular rate of pay for hours worked each week in excess of forty (40).

41. At all times during Plaintiffs' employment, Defendants had actual knowledge that the rate and method by which Defendants paid Plaintiffs was in direct violation of the FLSA overtime pay requirement.

42. Defendants' failure and refusal to pay Plaintiffs for overtime hours worked as required by the FLSA was willful and intentional, and was not in good faith.

43 As a consequence of the foregoing, Plaintiffs will be entitled to recover liquidated damages in an equal amount to their unpaid overtime wages for the full three (3) year FLSA statutory period.

44. Finally, Plaintiffs will be entitled to payment of their attorney's fees and costs.

45. The FLSA provides that a court "*shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b) (emphasis added).

56. In contrast to other fee-shifting statutes where the award of attorney's fees and costs is discretionary with the court, an award of attorney's fees to a prevailing plaintiff in a FLSA case is mandatory. *See Hensley v. Eckerhart*, 461 U.S. 424 (1983).

57. As a consequence of the foregoing, Plaintiffs are entitled to recover their reasonable attorney's fees and costs associated with the prosecution of this case.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs, and all other similarly situated individuals, for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment),

7

reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Battery
### (Plaintiff Lobos v. Defendant Yousefzadeh)

58. Plaintiffs re-allege and reassert each and every allegation set forth in Paragraphs 1-57 above, as if each were set forth herein.

59. On or about February 25, 2014, at the location of Defendants' place of business, without provocation, and with malicious intent to do substantial harm, Defendant Yousefzadeh violently struck Plaintiff Maria Lobos on the head with his closed fist.

60. Plaintiff Maria Lobos did not consent to Defendant Yousefzadeh violently striking her on the head with his closed fist.

61. Yousefzadeh's violent attack against Plaintiff Maria Lobos caused her to suffer severe emotional pain, physical pain, as well as substantial fear, shame and embarrassment.

62. Yousefzadeh's violent attack against Plaintiff Maria Lobos caused her to suffer substantial medical bills and lost wages.

63. Yousefzadeh's violent attack against Plaintiff Maria Lobos was willful and malicious and not the result of horseplay or otherwise a natural incident of the Plaintiff Maria Lobos' work duties.

64. A reasonable person in Plaintiff Maria Lobos' situation would have been offended and substantially damaged by Yousefzadeh's violent striking of Ms. Lobos on the head with his closed fist.

65.     Yousefzadeh's wrongful conduct was sufficiently motivated by evil and reprehensible intent that Plaintiff Maria Lobos is entitled to exemplary, in addition to compensatory, damages from Yousefzadeh.

WHEREFORE, Plaintiff Maria Lobos seeks judgment against Defendant Yousefzadeh on Count II, in the full amount of her actual damages in an amount to be proven at trial, compensatory and punitive damages in the amount Two Hundred and Fifty-Thousand Dollars ($250,000.00), plus interest, costs, and all such just and further relief as this Court or a jury deems just and proper.

## JURY DEMAND

Plaintiffs request a trial by jury on all issues so triable.

Respectfully submitted,

_____
Gregg C. Greenberg, Bar No. 79610
Zipin, Amster, & Greenberg, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax:    301-587-9397
Email: ggreenberg@zipinlaw.com

*Counsel for Plaintiffs*